**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000222**
**05-JUN-2025**
**07:55 AM**
**Dkt. 76 SO**

NO. CAAP-22-0000222

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

B.P., on behalf of K.B., a minor, Petitioner-Appellee, v.
H.B., Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 22-1-000064)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Respondent-Appellant H.B. (**Father**) appeals from the February 28, 2022 Order For Protection (**Order For Protection**) entered by the Family Court of the First Circuit (**Family Court**)[1] in favor of Petitioner-Appellee B.P. (**Mother**) on behalf of a minor K.B. (**Child**).  Father also challenges some of the Family Court's July 7, 2022 Findings of Fact and Conclusions of Law (**FOFs/COLs**).

Father raises two points of error on appeal, contending that the Family Court erred in granting the Order For Protection because:  (1) the record lacks substantial evidence to support FOFs 15.k, 15.1, 15.m, 15.ee, 15.11, 16, and 17, and COLs 38-39, 41-44, 52, 55, 60, and 61; and (2) the Family Court admitted inadmissible hearsay.

---

[1]     The Honorable Lesley N. Maloian presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Father's points of error as follows:

(1) Father argues that the challenged FOFs include that Mother testified to the allegations set forth therein, but that no such testimony was received by the court at trial. Accordingly, Father argues, the FOFs lack substantial evidence in support, as do the challenged COLs relying on those FOFs.

However, Mother testified, without objection, that the information contained in the initial petition for an order of protection (**Petition**) was related to Mother by Child and that Mother absolutely believed that the information was true and correct.

Although Father correctly argues that the Family Court sustained objections to Mother's answers to two questions, those questions were: "[w]hy are you asking for five years?" and "who else was doing the name calling toward [Child]?" The first question and disallowed answer is not reflected in any of the challenged FOFs or COLs. The second one – concerning verbal abuse by others – appears to be reflected in lines 2-5 of FOF 15.l. Although the Family Court clearly erred in finding that Mother so testified, this was harmless error because Father is the only person subject to the Order For Protection. The other challenged findings are supported by Mother's above-referenced testimony. See also Hawaii Revised Statutes (**HRS**) § 587A-21(a) (2018) ("Any statement relating to an allegation of imminent

harm, harm, or threatened harm that a child has made to any person shall be admissible as evidence.")

We conclude that Father's first point of error is without merit.

(2) Father argues that the Family Court erred in entering the Order For Protection because the court admitted inadmissible hearsay statements contained within the Department of Human Services (**DHS**) social workers' report for the truth of the matter asserted therein. More specifically, Father asserts that the testifying DHS social worker, CJ Ibarra (**Ibarra**), did not offer testimony at trial regarding the statements made by Child to Ibarra, but the statements that Child made to Ibarra were included in the February 22, 2022 Confidential Report of [DHS] (**Report to Court**), which was submitted to the court pursuant to HRS § 586-10.5 (2018).[2]

At trial, Ibarra testified that he completed an investigation in this case. As part of that investigation, *inter alia*, he spoke with Child. At the conclusion of that

_____

[2]    HRS § 586-10.5 states:

> **§ 586-10.5  Reports by the department of human services; court responsibilities.**  In cases where there are allegations of domestic abuse involving a family or household member who is a minor or an incapacitated person as defined in section 560:5-102, the employee or appropriate nonjudicial agency designated by the family court to assist the petitioner shall report the matter to the department of human services, as required under chapters 350 and 587A, and further notify the department of the granting of the temporary restraining order and of the hearing date.  The department of human services shall provide the family court with a written report on the disposition of the referral. The court shall file the report and mail it to the petitioner and respondent at least two working days before the hearing date, if possible.  If circumstances prevent the mailing of the report as required in this section, the court shall provide copies of the report to the petitioner and respondent at the hearing.  The report shall be noted in the order dismissing the petition or granting the restraining order.

investigation, Ibarra completed a report, along with the disposition in that report, which was that physical abuse and threat of abuse to Child by Father was confirmed.  Ibarra testified that he had nothing to add to the report and it contained the disposition from DHS.

The Family Court determined that the Report to Court complied with HRS § 586-10.5, and Father does not challenge that determination on appeal.  The Report to Court was completed pursuant to the Family Court's January 12, 2022 Temporary Restraining Order, which ordered DHS to investigate the matter, submit a written report to the court, and have the investigating social worker appear to testify.  We conclude that the statements made by Child to Ibarra, which were set forth in the Report to Court, were admissible pursuant to HRS § 587A-21(a). Accordingly, we conclude that Father's second point of error is without merit.

For these reasons, the Family Court's February 28, 2022 Order For Protection is affirmed.

DATED:  Honolulu, Hawaiʻi, June 5, 2025.

On the briefs:

Justin L. Sturdivant,
Daniel E. Pollard,
(Smith & Sturdivant, LLLC),
for Respondent-Appellant.

Pablo P. Quiban,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge